1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 ALBERT DYTCH,                          Case No. 17-cv-00438-SI
8          Plaintiff,
                                         ORDER DENYING PLAINTIFF'S
9     v.                                 MOTION FOR SUMMARY JUDGMENT
10 MAGANA, et. al.,                      Re: Dkt. No. 64
11          Defendant.
12
13        Plaintiff Albert Dytch's motion for summary judgment is scheduled for a hearing on
14 November 16, 2018. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is
15 suitable for resolution without oral argument, and VACATES the hearing.
16        Plaintiff moves for summary judgment under the Americans with Disabilities Act ("ADA,"
17 42 U.S.C. § 1201, *et seq*.) and the California Unruh Civil Rights Act ("Unruh Act," Cal. Civ. Code
18 § 51, *et seq*.). Plaintiff contends that defendant Maxaco, LLC, the landlord of Flaco's, a restaurant
19 in Berkeley, has failed to remove specific barriers to plaintiff's full and equal access from its
20 public accommodation. Plaintiff asserts that the evidence in the record shows: (1) he is disabled;
21 (2) defendant's property—including the restroom and parking lot—is a restaurant and thus a place
22 of public accommodation; (3) he visited the restaurant twice; (4) while at the restaurant he
23 encountered accessibility barriers in the restroom and parking lot in violation of the ADA and
24 Unruh Act; (5) the cost of remedying the violations is $31,000; and (6) defendant can financially
25 afford the cost of removing the barriers.
26        Defendant opposes summary judgment and contends it has submitted evidence raising
27 material questions of fact on the ADA and Unruh Act claims. The defendant has raised issues of
28

material fact as to whether defendant can afford the cost of remediation, as to when the building was constructed, and the threshold matter of whether the restroom and parking lot are public accommodations within the meaning of the ADA. Although plaintiff raises some well-founded objections to defendant's declaration, most go to the weight, rather than the sufficiency, of the evidence challenged. Therefore, summary adjudication is not appropriate.

The Court notes, however, that if/when this matter goes to trial, both sides will be required to present evidence, not conjecture, and will be required to lay proper foundations for any evidence presented.

**IT IS SO ORDERED**.

Dated: November 14, 2018

_____
SUSAN ILLSTON
United States District Judge