UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH,<br><br>    Plaintiff,<br><br>v.<br><br>ANTONIO MAGANA, dba FLACOS, et al.,<br><br>    Defendants. | Case No. 17-cv-438<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On November 27, 2018, the Court held a final pretrial conference in the above captioned matter, which is set for bench trial beginning December 10, 2018. Plaintiff was represented by counsel. Defendant Maxaco, LLC, did not appear at the pretrial conference. After the pretrial conference concluded, counsel for defendant contacted the courtroom deputy and said that he thought the conference was at 3:30 p.m., not 2:00 p.m.[1] He appeared in court later that afternoon, at approximately 3:00 p.m., and also filed a letter with the Court the next day. *See* Dkt. No. 91.

The following matters were resolved at the pretrial conference:

**1. Timing of trial:** The parties estimate that the trial should take 3 days. Based on this estimate, the matter is set for a 3 day trial, as follows: each side shall have up to 30 minutes to present opening statements; each side shall have 6 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up

---

[1] On November 16, 2018, the Court issued a Clerk's Notice over the Electronic Case Filing system notifying the parties that the pretrial conference was set for November 27, 2018, at 2:00 p.m. Dkt. No. 84.

to 30 minutes for closing argument.

**2.     Trial schedule:** The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. **However, on Tuesday, December 11, 2018, trial will commence at 11:00 a.m. and complete at 4:30 p.m.**

**3.     Motions in limine:** Plaintiff filed two motions in limine. Dkt. Nos. 76, 77. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiff's motion #1** to preclude defendant from introducing any documentary evidence, except if sought to be used solely for impeachment: GRANTED IN PART.

This motion is based on Federal Rule of Civil Procedure 37 and follows from defendant's failure to disclose documents in accordance with Rule 26. Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

As explained below, defendant has failed to comply with its obligations under the Federal Rules of Civil Procedure, including a failure to identify documents in its initial and pretrial disclosures under Rule 26(a), to produce discovery, or to supplement its discovery responses under Rule 26(e).

<u>Failure to Satisfy Initial Disclosure Requirements</u>

In support of his motion, plaintiff provides declarations and exhibits showing that on November 15, 2017, defendant provided its initial disclosures under Rule 26(a). Rule 26(a) requires, among other items, that "a party must, without awaiting a discovery request, provide to the other parties . . . (ii) a copy--or a description by category and location--of all documents, electronically

2

stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) imposes an ongoing obligation to supplement disclosures made under Rule 26(a) "in a timely manner[.]" Fed. R. Civ. P. 26(e).

In its initial disclosures, defendant listed three categories of documents it may use: "Documents evidencing the subject property[;] Photographs evidencing the subject property[; and] Public records which may be obtained in the future." Dkt. No. 76-1 ("Moore Decl. No. 1"), Ex. A at 2. Counsel for plaintiff has filed a declaration stating that "Maxaco has produced absolutely no documents in this action or supplemented its initial disclosures or discovery responses, formally or informally. Maxaco has thus produced no documents from the City of Berkeley, or any documents whatsoever." Moore Decl. No. 1 ¶ 5.

In its opposition to the motion in limine, defendant does not dispute that it did not provide documents in its initial disclosures. Rather, defendant appears to argue that it did not need to do so because such documents were not in its possession at the time of initial disclosures and states that defendant has or will supplement its disclosures to plaintiff "in a timely manner as per F.R.C.P. 26(e)." *See* Dkt. No. 86 at 2.

Failure to Produce Documents

On April 11, 2018, plaintiff requested that defendant produce any and all documents relating to any and all architectural or detailed plans regarding the property (RFP No. 1), any and all documents regarding building permits for the property since the date it was built (RFP No. 9), and any and all documents identified in defendant's initial disclosures (RFP No. 14). Moore Decl. No. 1, Ex. B at 3, 5. On June 14, 2018, defendant provided a response[2] stating that "Defendant's storage was burglarized twice over the past two years. Defendant has also experienced digital information

---

[2] Defendant's RFP response is unsigned. *See* Moore Decl. No. 1, Ex. C. Plaintiff's counsel has attached this document to a declaration filed in support of the motion in limine and has declared that the exhibit "is a true and correct copy of Maxaco's Responses to Dytch's First Set of Requests for Production." Moore Decl. No. 1 ¶ 4. If this is the response that defendant provided, defendant further violated the Federal Rules by failing to provide an attorney signature to certify the discovery responses. *See* Fed. R. Civ. P. 26(g).

3

loss through a system crash and subsequent failure by Best Buy to fully recover several important files." Moore Decl. No. 1, Ex. C at 1. As to RFP Nos. 1 and 9, defendant responded:

> Defendant is missing documents and files to that effect due to the burglary and file loss. Defendant will continue looking for said documents and files and will update Plaintiff when those files and documents are located or re-ascertained from the pertinent authorities and the information is known. This information is therefore equally available to Plaintiff through public records. Defendant produces all documents in its control which meet this request.

*Id.* at 2, 4. Defendant provided the same response to RFP No. 14, with the exception of the penultimate sentence regarding public records. *See id.* at 5-6. Plaintiff's counsel states that defendant never produced any documents. Moore Decl. No. 1 ¶ 5. Defendant states in opposition that it produced public records and photos from the City of Berkeley on November 15, 2018, discussed further below. *See* Dkt. No. 86-1 ("Peter Magganas Decl.") ¶ 5.

Failure to Satisfy Pretrial Disclosure Requirements

In its pretrial disclosures, defendant listed the following documents that it expects to offer at trial:

1. Documents from the City of Berkeley which would show the history of building at the subject property.

2. Any documents Defendant may need to defend against Plaintiff's claims.

3. Any documents Defendant may find useful for impeachment purposes.

Dkt. No. 73 at 2.

Defendant also listed the following documents that it may offer at trial if the need arises:

1. Plaintiff's expert witness disclosure.

2. Any documents Defendant may need for impeachment purposes.

3. Any documents Defendant may need in defending against Plaintiff's claims.

*Id.*

Rule 26(a)(3) imposes an affirmative requirement regarding pretrial disclosures:

> . . . [A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: . . . (iii) an identification of each document or other exhibit, including

4

> summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

*See* Fed. R. Civ. P. 26(a)(3)(A). Defendant's pretrial disclosures fail to provide the level of detail that the Federal Rules require.

City of Berkeley Records

The only documents that defendant states it produced at any time in this litigation are records and photos from the City of Berkeley. Defense counsel states that "Defendant was able to obtain public records and photos from the City of Berkeley on November 15, 2018. Those records and photos were provided to Plaintiff on November 15, 2018 via Rule 26 supplemental disclosure."[3] Peter Magganas Decl. ¶ 5. Defendant did not attach these records to its opposition brief. At the pretrial conference, counsel for plaintiff provided a copy of an email from Peter Magganas (defendant's counsel) to Tanya Moore (plaintiff's counsel) dated November 15, 2018, at 5:49 p.m., with the subject line "supplemental disclosures" and attaching three "supplemental exhibits" that purport to be from the City of Berkeley. One ("Supplemental Exhibit A"), entitled "city of Berkeley docs 1 maps," contains a map of the subject property along with a record of the building have been built in 1948. Another document ("Supplemental Exhibit B") consists of various permit records dated from the 1970's. The last document ("Supplemental Exhibit C") consists of five photos purportedly taken at the City of Berkeley planning offices of a planning application for the subject property, with pre-application documents filed in October 2014. At the Court's request, plaintiff also filed a declaration explaining his counsel's unsuccessful efforts to locate public records from the City of Berkeley regarding the subject property. *See* Dkt. No. 92.

With the exception of Supplemental Exhibit A, the Court will not permit defendant to introduce these records at trial. As already detailed, defendant produced these records late. If defendant wanted to introduce the documents at trial, it should have complied with its disclosure obligations under Rule 26. A party may not avoid its disclosure obligations by simply failing to

---

[3] Non-expert discovery in this case closed on July 31, 2018. Dkt. No. 51 at 1. Pretrial statements and motions in limine were due November 13, 2018.

5

obtain physical custody of the documents in a timely manner, and defendant has not explained why, if indeed it did not have the permit applications within its custody, it could not have obtained these public records sooner than November 15, 2018. Defendant is the one who put the permitting process at issue in this case, *see, e.g.,* Dkt. No. 57 at 4, and if defendant wanted to use recent permit application documents, defendant should have produced them in accordance with the Federal Rules.[4]

As to Supplemental Exhibit A, this document is significant mainly for establishing the year that the structure at issue was built. The Court is mindful that one of the factors to be weighed in determining whether a party is entitled to discovery is "the parties' relative access to relevant information." *See* Fed. R. Civ. P. 26(b)(1). Presumably, this information was available to plaintiff through other means. Moreover, plaintiff has long been on notice that the year of construction would be a determinative issue in the trial.[5] For that reason, the Court will not at this time exclude defendant's Supplemental Exhibit A, produced to plaintiff on November 15, 2018.

To summarize, plaintiff timely requested the documents in question, and Rule 26 imposes affirmative disclosure requirements on defendant. Defendant has failed to comply with its discovery obligations regarding documentary evidence, and the Court finds this failure was not substantially justified or harmless.

Accordingly, the Court GRANTS IN PART plaintiff's motion to preclude defendant from introducing documentary evidence except for the limited purpose of impeachment. As to Supplemental Exhibit A that defendant produced on November 15, 2018, the Court DENIES the motion in limine, without prejudice to renewal at the time of trial. If defendant seeks admission of

---

[4] The Court also notes that plaintiff has attached a record of a current zoning application for the subject property filed with the City of Berkeley on July 24, 2018. *See* Dkt. No. 92, Law Decl., Ex. B. Defendant has apparently failed to produce this application as well.

[5] For instance, in its answer to the second amended complaint, defendant asserted an affirmative defense that the removal of the alleged barriers is not readily achievable. *See* Dkt. No. 57 at 22. Plaintiff's motion for summary judgment explains that whether the "readily achievable" defense is available turns on whether the structure was built before January 23, 1993. *See* Dkt. No. 64 at 16-17 (citing 42 U.S.C. § 12183(a)(1)).

this record at trial, it shall be prepared to properly authenticate the document as required by the Federal Rules of Evidence.

**Plaintiff's motion #2** to exclude expert testimony from Athan Magganas: GRANTED.

This motion is based on defendant's failure to comply with the Rule 26 requirements regarding expert witness disclosures. Rule 26(a)(2) requires that parties disclose expert witnesses whom they "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The expert witness disclosure

> must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the facts or data considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Even for those witnesses not required to provide a written report, the expert disclosure "must state: **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and **(ii)** a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The deadline for expert witness disclosures was August 20, 2018. Dkt. No. 51 at 1. Sometime in August, defendant sent plaintiff an expert witness disclosure. Plaintiff states that defendant's proposed expert was not disclosed until ten days after the deadline. Dkt. No. 77 at 2. Defense counsel states that he served the expert disclosure by mail on August 20, 2018.[6] Peter

---

[6] The Court notes that the expert disclosure plaintiff attaches to the motion in limine, which

7

Magganas Decl. ¶ 6. Regardless of whether the disclosure was late, the Court will GRANT plaintiff's motion in limine no. 2 because of the serious deficiency in the disclosure and because of defendant's failure to supplement.

Defendant's expert witness disclosure "designate[d] the following persons to testify at trial under Federal Rules of Evidence 702, 703, and/or 705: Athan Magganas; Moshe Dinar." Dkt. No. 77-1 (" Moore Decl. No. 2"), Ex. A at 1. It further stated, "Athan Magganas is expected to testify as to the costs, timeframes, process and other related matters associated with construction, property management, city permitting and requirements and related matters." *Id.* Defendant apparently provided no expert report or further summary of the expected testimony.

In its pretrial disclosures, defendant listed the following witnesses expected to be called at trial:

> 1. Athan Magganas, manager of Maxaco, LLC, 2550 Appian Way, Suite 201, Pinole, CA 94564.
>
> 2. Athan Magganas, expert in field development and construction, 2550 Appian Way, Suite 201, Pinole, CA 94564.

Dkt. No. 73 at 2. Still, defendant has not provided an expert report from Athan Magganas or even a summary of the facts and opinions to which he is expected to testify. Defense counsel has filed a declaration essentially stating that he thought Athan Magganas gave plaintiff an expert report, but defense counsel does not attach the report to the opposition brief and does not provide any documentation that such an expert report was actually served. The declaration states, "I was out of the country beginning in mid September but recall receiving another email from Plaintiff and instructed Athan Magganas to submit a report to the effect of what was said in the expert disclosures to Plaintiff. I recall Athan Magganas saying he would do that that day. That was sometime in late September." Peter Magganas Decl. ¶ 8.

Moreover, it is unclear from the papers whether plaintiff had the opportunity to depose Athan Magganas about the facts and opinions to which he would testify. Plaintiff deposed Athan

---

plaintiff's counsel says is what she received, differs from what defendant attaches in opposition, in that the plaintiff's exhibit is unsigned and defendant's exhibit is signed. *Compare* Dkt. No. 77-2 at 2 *with* Dkt. No. 87-2 at 2.

Magganas as the Rule 30(b)(6) witness for Maxaco, LLC, on July 18, 2018. After defendant identified Athan Magganas as a proposed expert witness in August 2018, plaintiff requested further information to determine whether another deposition was needed; defense counsel refused to comply, stating, "you have already heard what Mr. Magganas has to say." *See* Moore Decl. No. 2, Ex. B. Defendant repeatedly states in its opposition that plaintiff could have deposed Mr. Magganas, but it is not clear that defense counsel made his client available. *See* Dkt. No. 87 at 3. As an example of how this has prejudiced plaintiff, defendant states that Athan Magganas will testify to "his experience as a builder of 40 years," *see* Peter Magganas Decl. ¶ 9, but it is unclear whether plaintiff was able to obtain information regarding this experience because defense counsel repeatedly obstructed plaintiff's attempts to ask questions about Athan Magganas's employment history at his deposition. *See* Moore Decl. No. 2, Ex. C.

In light of defendant's failure to comply with Rule 26(a)(2) and (e), the Court GRANTS plaintiff's motion to exclude expert witness testimony from Athan Magganas. This ruling does not, however, impact defendant's ability to call Athan Magganas as a non-expert witness if his testimony otherwise complies with the Federal Rules of Evidence.

**IT IS SO ORDERED**.

Dated: November 30, 2018

_____
SUSAN ILLSTON
United States District Judge