UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH,<br><br>    Plaintiff,<br><br>    v.<br><br>MAXACO, LLC,<br><br>    Defendant. | Case No. 17-cv-00438-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RECOVER HIS ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 102 |

Before the Court is a motion for attorneys' fees brought by plaintiff Albert Dytch to recover $129,277.83 in attorneys' fees, costs, and litigation expenses. Dkt. No. 106 at 10 (Reply). Pursuant to Civil Local Rule 7-1(b), the Court determines this matter is suitable for resolution without oral argument, and VACATES the hearing currently set for April 26, 2019. Having reviewed the papers submitted and arguments made, the Court GRANTS plaintiff's motion for attorneys' fees.

**BACKGROUND**

This action arises from defendant's alleged violation of the Americans With Disability Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Plaintiff suffers from muscular dystrophy. In October 2016, plaintiff visited Flacos restaurant ("Flacos") and encountered several barriers to his access. Three months later, he filed an action against Flacos and its landlord Maxaco, LLC ("defendant" or "Maxaco"). Dkt. No. 1 (Complaint). Plaintiff settled with Flacos in July 2017. Dkt. Nos. 24, 28, 33. Plaintiff and Maxaco continued litigating, including various discovery, an unsuccessful ADR mediation, and a summary judgment motion. Plaintiff and Maxaco reached a settlement agreement on December 5, 2018 on the eve of trial. Dkt. No. 95. The parties were unable to reach agreement on attorneys' fees, resulting in plaintiff bringing the instant motion on March 11, 2019. Dkt. No. 102 (Motion).

**LEGAL STANDARD**

Section 505 of the ADA authorizes the prevailing party to receive reasonable attorneys' fees "in any action or administrative proceeding commenced pursuant to [the ADA], the court or agency, in its discretion." 42 U.S.C. § 12205.

A prevailing party must make a good-faith effort to exclude unreasonable fees, and a court can determine the reasonableness of the fee request through the "lodestar" method: the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley v. Eckerhart*. 461 U.S. 424, 433, (1983). In evaluating the reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant were unnecessary, duplicative, or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir.1987). The lodestar amount strongly presumes a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1262, 1262 (9th Cir. 1987).

But a court may also enhance or reduce the lodestar figure based on any relevant factors articulated in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar determination. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008). Accordingly, the following factors may be considered:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr,* 526 F.2d at 70.

**DISCUSSION**

**I.    Prevailing Party Status**

In the introduction to its opposition, defendant "challenges that Plaintiff is the prevailing party . . ." Dkt. No. 105 at 1 (Opposition). However, this is the only mention of any challenge to

2

plaintiff's prevailing party status and the rest of defendant's opposition seems to concede prevailing party status. Further, it is common for courts to construe plaintiffs in this type of case, with this type of settlement, as the prevailing party. *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) (reversing denial of attorneys' fees to prevailing ADA plaintiff after settlement). *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (finding plaintiff prevailed after settling ADA case and was entitled to attorneys' fees). Plaintiff is the prevailing party.

**II. Fee Calculation**

Plaintiff requests an award of $129,233.83 based on its lodestar, specifically:[1]

| Title | Name | Hours | Hourly Rate[2] | Total |
|---|---|---|---|---|
| Attorney | Tanya E. Moore | 181.8 | $475/hour | $86,355.00 |
| Attorney | Zachary M. Best | 5.0 | $495/hour | $2,475.00 |
| Paralegal | Marejka Sacks | 162 | $175/hour | $28,350.00 |
| Paralegal | Whitney Law | 27.0 | $150/hour | $4,050.00 |
| Paralegal | David Guthrie | 1.5 | $120/hour | $180.00 |
| Costs | | | | $7,867.83 |
| **TOTAL** | | | | 129,277.83 |

Dkt. No. 102 at 21-22 (Motion); Dkt. No. 106 at 10 (Reply).

**A. Lodestar Calculation**

Defendant seeks to reduce plaintiff's requested fees by $35,483.50, arguing various lodestar entries are improper, duplicative, or vague. Dkt. No. 105 at 9 (Opposition). The Court addresses each of defendant's arguments in turn below.

---

[1] Note: the amounts in the chart reflect hours plaintiff's counsel incurred for the instant motion as well as plaintiff conceding Mr. Guthrie's time should be reduced by 3.1 hours (see section II.A.1. below).

[2] Defendant does not challenge the reasonableness of plaintiff's counsel's rates.

3

### 1. Clerical Entries

First, defendant requests a reduction of 3.1 hours of Mr. Guthrie's paralegal hours spent on clerical tasks such as mailing, setting up calendars, and filing. Dkt. No. 102-10 (Guthrie Decl.) (Ex. A). Hours spent on "purely clerical and secretarial tasks" cannot be billed as paralegal hours in the lodestar calculation. *Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, No. 10-cv-00482-EDL, 2016 U.S. Dist. LEXIS 189427, at *16 (N.D. Cal. Apr. 14, 2016). Plaintiff agrees to deduct these 3.1 hours, for a $372 deduction from the lodestar. Dkt. No. 106 (Reply).

### 2. Settlement with Flacos Restaurant

Maxaco requests a reduction of $3,622.50 in fees pertaining to plaintiff's settlement with former defendant Flacos, Maxaco's tenant. Dkt. No. 105 at 3 (Opposition). Plaintiff billed 11.4 hours over twelve time entries related to its July 12, 2017 settlement with Flacos. *Id.* Plaintiff argues Maxaco must pay the fees incurred for the settlement with Flacos because landlords are jointly and severally liable for tenants' ADA noncompliance. Dkt. No. 106. at 5 (Reply). It is true that landlords and tenants are jointly and severally liable for ADA noncompliance. *Kosloff v. Wash. Square Assocs., LLC,* No. C 06-05060 SI, 2007 U.S. Dist. LEXIS 53185, at *8 (N.D. Cal. July 17, 2007) (holding landlord defendant jointly and severally liable for restaurant tenant's failure to provide disability access accommodations). But plaintiff's argument regarding joint and several *liability* is inapposite to the specific issue of whether plaintiff is entitled to fees relating to *settlement* with defendant Flacos. Maxaco is not disputing it is jointly and severally liable for ADA non-compliance; rather, Maxaco disputes fees associated with Flacos' settlement. Plaintiff and Flacos' stipulation (see Dkt. No. 28), as well as this Court's order, stated Flacos would be dismissed with prejudice and that "[e]ach party shall bear its own attorney's fees and costs." Dkt. No. 33. Thus, plaintiff already agreed to bear fees with respect to his settlement with Flacos.

Therefore, the Court reduces Ms. Moore's 7.4 hours, Ms. Law's 1.5 hours, and Ms. Sacks' 2.5 hours for time related to the settlement with Flacos from the lodestar for a reduction of $3,622.50.

### 3. July 18, 2018 Deposition

Second, defendant requests a reduction of $2,375 for 5 hours of travel and wait time spent on a July 16, 2018 deposition. Plaintiff disagrees, arguing that the deposition was scheduled for July 16, 2018 and defendant was duly noticed. Dkt. No. 105-1 at 96[3] (Magganas Decl.) (Ex. R). A court must award fees and costs caused by a party's failure to appear for deposition, unless the failure was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(d)(1)(A)(i); 37(d)(3).

Based on the record before the Court, it is unclear whether the parties ever agreed to a date.[4] Defendant disputes four hours of travel to and from the deposition, and one hour of wait time billed by Ms. Moore. Dkt. 102-2 at 61 (Moore Decl.) (Ex. Q). Attorneys' fees may include reasonable travel time. *United States v. San Francisco*, 748 F. Supp. 1416, 1422 (N.D. Cal. 1990). Ms. Moore is entitled to her travel time regardless of when the deposition took place.

The record is ambiguous. The Court will award fees for Ms. Moore's 4 hours of travel time. The Court reduces 1 hour of Ms. Moore's wait time for a reduction of $475.

### 4. Plaintiff's Failed Summary Judgment Motion

Third, defendant requests that the Court eliminate $18,022.50 of fees related to plaintiff's failed motion for summary judgment, arguing it was filed simply to inflate fees. Dkt. No. 105 at 4-5 (Opposition). Plaintiff seeks compensation for the following hours spent working on the summary judgment motion:

| Title | Name | Hours | Hourly Rate | Total |
| --- | --- | --- | --- | --- |

---

[3] All page number references to ***declarations*** (Moore, Magganas, etc.) or exhibits thereto refer to the ECF branded page number.

[4] On May 24, 2018, plaintiff's counsel sent an email summarizing a recent meet and confer session about discovery stating, "I provided you the following dates for Defendant and its witnesses' depositions: July 16, 18, and 20, 2018. You agreed to July 18." Dkt. No. 106-2 at 10 (Moore Suppl. Decl.) (Ex. B). Defendant's counsel replied minutes later, writing, "I said I would get back to you next week to confirm July 16." *Id*. The parties dispute what happened next. But plaintiff's counsel appeared and was prepared to take a deposition on July 16, 2018. That same day, Defendant's counsel sent an email stating, "I told you July 18. The entire point of our conversation for the deposition was NOT to hold it on a Monday." Dkt. No. 105-1 at 98 (Magganas Decl.) (Ex. S).

| Attorney | Tanya Moore | 17.1 | $475/hour | $8,122.5 |
| --- | --- | --- | --- | --- |
| Attorney | Zachary Best | 0.7 | $550/hour | $385 |
| Paralegal | Marejka Sacks | 54.2 | $175/hour | $9,485 |
| Paralegal | Whitney Law | 0.2 | $150/hour | $30 |

The Ninth Circuit has made clear that a party is not barred from recovering fees simply because a motion is unsuccessful (*see Cabrales v. Cty. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991)). However, the Court finds the hours billed for this particular motion excessive. Plaintiff's counsel has filed hundreds of these motions – presumably the bulk of the briefing and research can be culled from previous filings. Therefore, the Court reduces the fees incurred with respect to plaintiff's motion for summary judgment by 20%, resulting in a $3,604.50 reduction.

### 5. Fees Motion

Fourth, defendant challenges fees incurred related to preparing the instant motion. Dkt. No. 105 at 5 (Opposition). Fees associated with the pursuit of a plaintiff's fees motion are recoverable. *McGrath v. County of Nevada,* 67 F.3d 248, 253 (9th Cir. 1995) (citing *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986)). Thus, the Court finds awarding the fees incurred to bring the instant motion reasonable.

Additionally, defendant argues that plaintiff's counsel made an incorrect entry of $950 for two hours of work seemingly related to a fees motion dated August 7, 2016 – five months prior to when the lawsuit was filed. Dkt. 102-2 at 99 (Moore Decl.) (Ex. Q). Ms. Moore admits a clerical error resulted in the date being entered incorrectly and that this entry is actually in connection with the instant motion. Dkt. No. 106 at 3 (Reply). A clerical error will not preclude recovery. The Court finds Ms. Moore's two hours spent on the fees motion reasonable.

### 6. Other Time Entries

Defendant also requests that duplicative or redundant hours be excluded. Defendant questions the billing entries regarding Ms. Sacks' attendance with Ms. Moore at the November 27, 2018 pretrial conference and settlement conference – arguing Ms. Sacks' attendance was

superfluous. Dkt. No. 105 at 6 (Opposition). Defendant requests a $1,925 reduction from the lodestar. Attorneys' fees compensate the work of paralegals. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 263 (1989). Plaintiff explains that Ms. Sacks' facilitated communication between the parties prior to the settlement, and therefore had a "unique" perspective of the case that supported the parties in reaching a settlement agreement. Dkt. 106 at 6-7 (Reply). The Court recognizes paralegals as integral parts of an overall litigation team, and finds Ms. Sacks' 11 hours for the pretrial conference and settlement conference reasonable.

Defendant also highlights various entries totaling $5,225 in which Ms. Moore block-billed, arguing the entries lack specificity and should be deducted from any fee award. Dkt. No. 105 at 6-7 (Opposition) (*citing* Dkt. No. 102 (Moore Decl.) (Ex. Q)). Maxaco claims it is difficult for the Court to determine the reasonableness of block-billed entries, and the Court agrees.[5] *Id.* Defendant requests removal of the entries, or a 5% reduction. *Id.* Plaintiff argues entries need only list the hours and identify the general subject matter of such time expenditures. Dkt. No. 106 at 6 (Reply).

The Ninth Circuit recognizes the difficulty of reviewing block-billed entries, and authorizes reduction of such fees. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours for block billing."). In 2016, the California Bar's Committee on Mandatory Fee Arbitration released Arbitration Advisory 2016-02

---

[5] The following are three examples of block billing entries that Maxaco challenges:

10/30/17 – 1 hour – "Reviewed memo from WL re absolute lack of response from Mr. Magganas, reviewed communications in the file, confer with ZB re his contacts with Mr. Magganas, reviewed State Bar Attorney information for Mr. Maggannas [sic], two phone calls to the number provided on the answer, instructions to WL re preparation of correspondence to Mr. Maggannas [sic] documenting our efforts to communicate re preparation of the stipulated order and finalized correspondence, approved for sending."

5/18/18 – 2 hours – "Attention to CMC draft, revisions received from the opposing counsel, communications with WL re same, correspondence with the opposing counsel. Reviewed response from the opposing counsel and further email requesting meet and confer re outstanding discovery. Additional communications with WL re lack of response from Mr. Maggannas [sic] and whether we have sufficient authorization to file joint CMC. Attention to final CMC. Further preparation for CMC/attention to request for telephonic appearance."

11/27/18 – 6.00 hours – "Travel to SF form the office, attended pretrial conference, phone call to Mr. Magganas after the PT conference, travel back to the office, reviewed court's order. Attention to calendar and tasks related to trial preparation."

Dkt. No. 102-2 (Moore Decl.,) (Ex. Q).

which estimates block billing may "increase time by 10% to 30%." See Committee on Mandatory Fee Arbitration of The State Bar of California Arbitration Advisory 2016-02, Analysis of Potential Bill Padding and Other Billing Issues (March 25, 2016). Therefore, the Court reduces plaintiff's counsel's block-billed entries in by 20% (averaging 10% and 30%), amounting to a $1,045 reduction.

### B. *Kerr* Factors

The Court now considers the remaining *Kerr* factors to determine whether a further adjustment of the lodestar is necessary. Specifically, the Court has already considered the time and labor required; the skill requisite to perform the legal service properly; and the experience, reputation, and ability of the attorneys. The customary fee, time limitation, similar award amount, and contingency fee factors are not relevant to the instant matter. The remaining three factors will be addressed in turn, namely: (1) novelty of the issues, (2) nature and length of plaintiff and counsel's relationship, (3) preclusion of other employment by the attorney due to acceptance of the case, (4) the case's desirability, and (5) the amount involved.

First, the Court looks at the novelty and difficulty of the questions involved. Plaintiff's counsel claims they billed time commensurate with "California's ever-evolving state law." Dkt. No. 102 at 18 (Motion). Defendant argues this matter is a "straightforward ADA access case," the likes of which plaintiff's counsel has litigated hundreds of times – indeed, defendant offers evidence indicating plaintiff's counsel filed 155 cases in the Northern District alone during the pendency of the instant action.[6] Dkt. No. 105 at 1 (Opposition). The Court also weighs the fact that ADA access cases against local businesses usually do not involve novel legal issues. *Hernandez v. Taqueria El Grullense,* No. 12-cv-03257-WHO, 2014 U.S. Dist. LEXIS 61020, at *20 (N.D. Cal. Apr. 30, 2014) (reducing prevailing plaintiff's requested attorney's fees in an ADA access case). Plaintiff's counsel routinely brings this type of ADA case and nothing about the instant matter involved novel or particularly complicated legal issues. Thus, this factor weighs in defendant's favor.

Second, the Court factors the nature and length of plaintiff's professional relationship with

---

[6] The evidence defendant offers in support of this fact is attached to defendant's request for judicial notice (see Dkt. No. 105-2) which the Court GRANTS.

counsel. A client's representation by the same attorney in a similar case likely allows the attorney to achieve some tasks by referring to their previous case. *Doran v. Corte Madera Inn Best Western,* 360 F.Supp. 2d 1057, 1060 (N.D. Cal. Mar. 7, 2005) (considering client's 73 cases with same counsel as weighing against enhancement of lodestar). In 2019, Mr. Dytch was represented by Ms. Moore or Mr. Best multiple times for similar ADA access cases.[7] Defendant describes Mr. Dytch as a "serial ADA access plaintiff." Dkt. No. 105 at 1 (Opposition). Mr. Dytch's familiarity with ADA claims, and his counsel's experience with him as a client, support reduction of the lodestar.

Third, there is no evidence plaintiff's counsel was precluded from bringing other cases because of litigating plaintiff's case. To the contrary, defendant's evidence of other ADA cases brought by Ms. Moore and Mr. Best's firm indicate they were more than able to litigate other matters. Dkt. No. 105 at 1 (Opposition). In any event, plaintiff points to no unique time limitations or circumstances were imposed by this case. The factor weighs in favor of a lodestar reduction.

Fourth, the Court considers the "undesirability of this case" and the amount involved. Plaintiff argues it is "low on desirability" because of Mr. Dytch's financial inability to compensate attorneys on a fixed basis and the small dollar amount involved. Dkt. No. 102 at 20 (Motion). The "undesirability" of a case can be measured by a party's difficulty in obtaining legal counsel. *See Guam Soc'y of Obstetricians & Gynecologists v. Ada,* 100 F.3d 691, 697-99 (9th Cir. 1996) (finding plaintiff's difficulty in finding counsel as justification for application of 2.0 multiplier of lodestar). Given Mr. Dytch's representation in this district by lawyers other than Ms. Moore and Mr. Best, as well as Ms. Moore and Mr. Best's *repeated* representation of Mr. Dytch, the Court weighs this factor in favor of a reduced lodestar. *Dytch v. Yoon,* No. C 10-02915 MEJ, 2011 U.S. Dist. LEXIS 22594 (N.D. Cal. Mar. 7, 2011) (Mr. Thomas Nelson as counsel); *Dytch v. Nikitaras*, No. 4:14-cv-04239-KAW, 2017 U.S. Dist. LEXIS 201093 (N.D. Cal. Dec. 6, 2017) (Mr. Jason S. Gong as counsel).

---

[7] Other cases in which Mr. Best or Ms. Moore represented plaintiff include, but are not limited to: *Dytch v. Belcampo Meat Co., LLC,* No. 18-cv-05554-MMC, 2019 U.S. Dist. LEXIS 27084 (N.D. Cal. Feb. 20, 2019) (Mr. Best as counsel); *Dytch v. Paradiso, LLC*, No. 18-cv-03464-VC, 2019 U.S. Dist. LEXIS 62028 (N.D. Cal. Apr. 10, 2019) (Ms. Moore as counsel); *Dytch v. City of San Leandro*, No. 17-cv-00989-WHO, 2018 U.S. Dist. LEXIS 17771 (N.D. Cal. Feb. 2, 2018) (Ms. Moore and Mr. Best as counsel); *Dytch v. Bermudez,* No. 17-cv-02714-EMC, 2018 WL 2230945 (Mr. Best as counsel).

Evaluating the *Kerr* factors indicates they weigh heavily against plaintiff and the lodestar should be reduced to reach a reasonable fee. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Maxaco requests the award be reduced to fees of $16,797.20, but the Court finds this to be too severe. Based on the *Kerr* factors discussed immediately above, and the specific reductions discussed in section II.A., the Court finds that reducing the lodestar by 50%, leaving plaintiffs' counsel with $60,265.42[8] in addition to $7,860[9] in costs, is a fair and reasonable award.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion, and plaintiff is awarded all requested costs, in the amount of $7,867, and fees in the amount of $60,265.42.

**IT IS SO ORDERED**.

Dated: May 1, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[8] This number was reached by taking the amount requested by plaintiffs, $129,277.83 (see Dkt. No. 106 at 10 (Reply)), and deducting the various amounts as stated above. Specifically, the deductions include:
- $3,622.50 (re settlement with Flacos)
- $475 (re July 2018 deposition)
- $1,045 (re block billed entries)
- $3,604.50 (re summary judgement motion)

These deductions result in $120,530.83. The Court further reduces the award by 50%, resulting in $60,265.42.

[9] Maxaco did not challenge plaintiff's requested costs in its opposition.